HON. WILLARD R. BOWERS Town Justice, Binghamton (Town)
We acknowledge receipt of your letter inquiring whether a nonresident of a town may be appointed town attorney in a town which has established the office of town attorney and in which town one or more attorneys reside.
Town Law § 20, subdivision 2, paragraph a provides, in part:
 "The town board of every town may establish the office of town attorney or town engineer, or both. If the town board shall so establish the office of town attorney or town engineer, or both, it shall fix the salary of such officer or officers. In addition, the town board of any such town may employ counsel to the town attorney in respect to any particular subject matter, proceeding or litigation, * * * as it may necessarily require. * * *"
Town Law § 23 provides, in part:
"§ 23. Eligibility of town officers
 "Every elective officer of the town at the time of his election and throughout his term of office, shall be an elector of the town. Every other officer of the town at the time of his appointment and throughout his term of office shall be an elector of the town except that in towns having no resident attorney, the town attorney and such counsel as may be employed need not be electors and in towns having no resident engineer, the town engineer and such consultant engineers as may be employed need not be electors. * * *"
In our opinion, assuming that your town has established the office of town attorney, until that office is abolished the appointee to the office must be a resident of the town unless there is no resident attorney, in which case the appointee may be a nonresident. The position of counsel to the town attorney is also required by the statute to have the same residency requirements applicable to the office of town attorney. The attempted appointment of a nonresident attorney to the office of town attorney, if there is at the time a resident attorney in the town, would be a nullity even though no resident attorney would accept the office. If there is a resident attorney in the town, the only way in which a nonresident attorney may perform legal services for the town and be reimbursed therefor (except through retainer by the town attorney with consent of the town board) is for the town board to abolish the office of town attorney, after which time, if legal services are required, the town board may retain an attorney to perform necessary specified legal services; each legal job would have to be authorized by individual resolution and be separately billed by voucher; and there is no authorization to pay a retainer or salary under these circumstances.
Further discussion of the foregoing is contained in the enclosed copies of informal opinions of this office and an opinion of the Comptroller: 1970 Op. Atty. Gen. 36, in which we concluded that a town may not, by local law, supersede the residency qualifications for officers in Town Law § 23; 1970 Op. Atty. Gen. 44, in which we concluded that abolition of the office of town attorney and creation of the position of "legal counsel" on a salaried basis would be a subterfuge and would violate the statutory residency requirement; 1974 Op. Atty. Gen. 71, in which we concluded that a town could not creat the position of "general town attorney" to be held by a nonresident whose duties would be to oversee the work of the town attorney and counsel to the town attorney who reside in the town; and 12 Compt. 184, in which the Comptroller concluded that where qualified persons in a town refused the post of town engineer, the town may not appoint a nonresident to that office but may, if it wishes, abolish the position and contract for such engineering services as are necessary. As you will see from the quoted portions of Town Law §§ 20 and 23, the provisions relative to residency which apply to town engineers are identical to those which apply to town attorneys, and the Comptroller's opinion in relation to town engineers has equal applicability to the office of town attorney.